IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| YURI CHACHANKO, #08768-046, | ) ) ) |
| Petitioner, | ) ) |
| vs. | ) ) Case No. 19-cv-00893-NJR |
| T.G. WERLICK, | ) ) ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Petitioner Yuri Chachanko, an inmate who is currently incarcerated at the United States Penitentiary located in Greenville, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the validity of his sentence in *Unites States v. Chachanko,* No. 01-cr-00052-SPW-1 (D. Mont. 2005) ("Criminal Case"). Chachanko asserts that he wrongfully received a level 2 enhancement at sentencing for "reckless endangerment during flight." (Doc. 1, pp. 2, 10).

This matter is now before the Court for review of the Petition pursuant to Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts, which provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) gives this Court the authority to apply the rules to other habeas corpus cases.

### BACKGROUND

Chachanko pled guilty in 2005 to conspiring to obstruct or to attempt to obstruct interstate commerce by robbery of two casinos and forcibly taking money from a casino at gunpoint in

1

violation of 18 U.S.C. § 1951, and of "using or carrying a firearm during and in relation to a crime of violation" in violation of 18 U.S.C. § 924(c). Criminal Case, Doc. 47 (Plea Agreement). He was sentenced to a total prison term of 219 months. *Id.* at Doc. 77. Chachanko filed an appeal challenging the application of the reckless endangerment enhancement to his sentence under to §3C1.2 of the U.S. Sentencing Guidelines, but the Ninth Circuit Court of Appeals affirmed the district court's decision. (Doc. 1, p. 2); *United States v. Chachanko,* No. 06-30331 (9th Cir. May 14, 2007).

Following the United States Supreme Court's decision in *Johnson v. United States,* 135 S. Ct. 2551 (2015), Chachanko filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 arguing that his conviction under 18 U.S.C. 924(c)(1)(A)(ii) was invalid because the definition of a "crime of violence" under Section 924(c)(3)(B), the residual clause, is unconstitutionally vague. *United States v. Chachanko,* No. 16-96-BLG-SPW, 2017 WL 5897013 (D. Mont., Nov. 29, 2017). The district court denied his motion, holding that even if Section 924(c)(3)(B) was unconstitutionally vague, Chachanko's sentence was valid because robbery is a crime of violence under the force clause of Section 924(c)(3)(A). *Id.* at *4.

## DISCUSSION

A prisoner who has been convicted in federal court is generally limited to challenging his conviction and sentence by bringing a motion pursuant to 28 U.S.C. § 2255 in the court which sentenced him. *See Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). Under very limited circumstances, a prisoner may employ 28 U.S.C. § 2241 to challenge his conviction and sentence. More specifically, Section 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a Section 2241 petition where the remedy under Section 2255 is "inadequate or ineffective to test the legality of his detention." "A procedure for postconviction relief can fairly be termed

inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998). In order to trigger the savings clause, a petitioner must meet three conditions: (1) he must show that he relies on a new statutory interpretation case rather than a constitutional case; (2) he must show that he relies on a decision that he could not have invoked in his first Section 2255 motion *and* that applies retroactively; and (3) he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013); *see also Brown v. Rios*, 696 F3d 638, 640 (7th Cir. 2012). The Seventh Circuit has made it clear that "there must be some kind of structural problem with [S]ection 2255 before [S]ection 2241 becomes available. In other words, something more than a lack of success with a [S]ection 2255 motion must exist before the savings clause is satisfied." *Webster v. Daniels,* 784 F.3d 1123, 1136 (7th Cir. 2015).

Some errors can be raised on direct appeal, but not in a collateral attack pursuant to Sections 2255 or 2241. A claim that a defendant was erroneously sentenced under the sentencing guidelines is one such claim. As the Seventh Circuit has noted, "[W]e held in *Hawkins* that the error in calculating the Guidelines range did not constitute a miscarriage of justice for § 2255 purposes given the advisory nature of the Guidelines and the district court's determination that the sentence was appropriate and that it did not exceed the statutory maximum." *United States v. Coleman*, 763 F.3d 706, 708–09 (7th Cir. 2014); *see also Hawkins v. United States,* 706 F.3d 820 (7th Cir. 2013), supplemented on denial of rehearing, 724 F.3d 915 (7th Cir. 2013). More recently, the Seventh Circuit reiterated that the sentencing guidelines have been advisory ever since the Supreme Court

decided *United States v. Booker*, 543 U.S. 220 (2005). *Perry v. United States*, 877 F.3d 751 (7th Cir. 2017).

In his petition, Chachanko argues that the sentencing enhancement he received for reckless endangerment during flight was unlawful. *See* U.S. Sentencing Guidelines Manual §3C1.2. Although he challenged this enhancement on appeal and lost, he claims he is innocent of this enhancement because (1) the police chase lasted less than one mile and there were no other cars on the road; (2) the police chase occurred in relation to a separate robbery state conviction prosecuted in state court not his federal robbery conviction; and (3) the language in the U.S. Sentencing Guidelines for "reckless endangerment during flight" is vague. (Doc. 1, pp. 10-11).

The sentencing guideline enhancement and sentencing range that applied to Chachanko, however, were advisory, not mandatory, because he was sentenced in 2006 after the *Booker* decision. Furthermore, Chachanko's sentence was within the statutory maximum, as he received a sentence of 219 months total, and the statutory maximum sentence for a conviction under 18 U.S.C. §1951 is 240 months, and 18 U.S.C. § 924(c)(1)(A)(ii) is 84 months. Furthermore, the Supreme Court has held that because "they merely guide the district courts' discretion, the Guidelines are not amenable to a vagueness challenge." *Beckles v. U.S.,* 137 S. Ct. 886, 894 (2017). Thus, Chachanko cannot demonstrate a miscarriage of justice so as to permit a Section 2241 petition. The savings clause affords Chachanko no relief.

### DISPOSITION

**IT IS HEREBY ORDERED** that the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 is **DISMISSED with prejudice**.

If Chachanko wishes to appeal this dismissal, he may file a notice of appeal with this Court within sixty (60) days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to

appeal in forma pauperis should set forth the issues Chachanko plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If he does choose to appeal and is allowed to proceed IFP, Chachanko will be required to pay a portion of the $505.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. It is not necessary for Chachanko to obtain a certificate of appealability. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  November 7, 2019**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**